BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, PLAINTIFF IN CERTIORARI, v. EDWARD L. STOCKTON, DEFENDANT.

BOARD OF PHARMACY OF THE STATE OF NEW JERSEY, PLAINTIFF IN CERTIORARI, v. BENJAMIN R. FAUNCE, DEFENDANT.

Submitted October term, 1928—Decided November 30, 1928.

Before Justices MINTURN, BLACK and CAMPBELL.

For the prosecutor, *Edward L. Katzenbach,* attorney-general of New Jersey.

For the defendants, *Robert Peacock.*

PER CURIAM.

The writs of *certiorari* were allowed in these cases to review judgments of nonsuit rendered by the Court of Common Pleas of Burlington county. The defendants Edward L. Stockton and Benjamin R. Faunce were charged with the violation of section 2 of an act entitled "An act to regulate the practice of pharmacy in this state." 3 *Comp. Stat. of N. J., p.* 3943.

The defendant Benjamin R. Faunce was the owner of a store No. 217 Bridgboro street, Riverside, New Jersey. The defendant Edward L. Stockton, who made the sale, was a clerk in Faunce's employ. The statute (section 7) makes the owner equally liable with the seller. The nonsuit was granted by the trial court on the ground that there was no evidence to identify the defendants, *i. e.,* no identification. Our reading of the testimony taken at the trial reveals sufficient identification. A witness, Mildred Menkler, testified: "Whom did you see? *A.* Edward L. Stockton." Record, page 11, line 21; page 14, line 13. *"Q.* Who opened it (*i. e.,* the door)? *A.* Mr. Stockton." Page 14, line 36. *"Q.* What was said when you reached the living room? *A.* Mr. Stockton called Mr. Faunce, and Inspector Austin had a conversation with him," &c. Page 24, line 29. "I saw a man who told me he was Edward L. Stockton, the seller," &c., and met a man there, *i. e.,* in the living-room, "who said he was Faunce, the proprietor." *"Q:* Did you see Mr. Faunce that day? *A.* I did." Record, page 25, line 32.

So, page 26, line 27, "I asked him if he was the sole owner, and he said he was the sole owner; Stockton was in his employ."

This, with the record of the case under the case of *State Board of Medical Examiners* v. *Buettel,* 102 *N. J. L.* 74, was ample proof to identify the defendants.

The judgment of the Burlington County Court of Common Pleas is reversed in each case and a new trial awarded.